UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 21-716 MWF (KKx)**                    **Date:  July 23, 2021**
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**   ORDER RE: MOTION TO REMAND [17]; MOTION
TO DISMISS [19]

Before the Court are two motions:

The first is Plaintiff Ryan Edwards' Motion to Remand to Riverside County
Superior Court (the "Motion to Remand"), filed on June 11, 2021.  (Docket No. 17).
Defendant Costco Wholesale Corporation ("Costco") filed an opposition on June 21,
2021.  (Docket No. 18).  Plaintiff filed a reply on June 21, 2021.  (Docket No. 21).

The second is Defendant's Motion to Dismiss (the "Motion to Dismiss"), filed
on June 21, 2021.  (Docket No. 19).  Plaintiff filed an opposition on June 28, 2021.
(Docket No. 22).  Defendant filed a reply on July 2, 2021.  (Docket No. 24).

The Court has read and considered the papers filed in connection with the
motions and held a telephonic hearing on **July 19, 2021**, pursuant to General Order 21-
08 arising from the COVID-19 pandemic.

For the reasons discussed below, the Court rules as follows:

- The Motion to Remand is **DENIED**.  Defendant has demonstrated that the
  amount in controversy exceeds $5,000,000.

- The Motion to Dismiss is **DENIED** with respect to Plaintiff's unpaid
  overtime claim.  The Court is satisfied that the unpaid overtime claims are

_____
**CIVIL MINUTES—GENERAL**                                                          **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                   Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

sufficiently pled because Plaintiff has identified a specific week in which he was not paid overtime.

- The Motion to Dismiss is **GRANTED** *with leave to amend* with respect to Plaintiff's meal and rest break claims.  Plaintiff has failed to cure the defects in the Complaint with respect to these claims.

- The Motion to Dismiss is **GRANTED** *with leave to amend* with respect to Plaintiff's unpaid minimum wages claim.  Plaintiff has failed to cure the defects in the Complaint with respect to this claim.

- The Motion to Dismiss is **GRANTED** *with leave to amend* with respect to Plaintiff's untimely wage payments claims.  Plaintiff has failed to cure the defects in the Complaint with respect to these claims.

- The Motion to Dismiss is **GRANTED** *with leave to amend* with respect to Plaintiff's inadequate wage statements and records claims. Plaintiff has failed to cure the defects in the Complaint with respect to these claims.

- The Motion to Dismiss is **DENIED** with respect to Plaintiff's unpaid expense reimbursements claim.  Plaintiff has sufficiently identified the expenses incurred as a result of Defendant's policies.

- The Motion to Dismiss is **DENIED** with respect to the unfair business practices claim.  Dismissal of this claim is no longer appropriate because Plaintiff has cured the defects with respect to at least one of the Labor Code violation claims.

## I.     BACKGROUND

Plaintiff commenced this action on behalf of all similarly situated current and former employees of Costco on February 8, 2021, in Riverside County Superior Court. (Complaint (Docket No. 1-1)).  Defendant filed a Notice of Removal ("NoR") on April 21, 2021, invoking this Court's diversity jurisdiction.  (Docket No. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 21-716 MWF (KKx)**                    **Date:  July 23, 2021**
**Title:  Ryan Edwards v. Costco Wholesale Corporation et al.**

On May 24, 2021, the Court granted Defendant's Motion to Dismiss with leave to amend (the "Prior Order") because the Complaint contained only conclusory allegations in support of each of Plaintiff's claims.  (Docket No. 14).  Plaintiff filed the First Amended Complaint ("FAC") on June 1, 2021.  (Docket No. 15).

The Court incorporates the factual background set forth in the Prior Order as if fully set forth herein.  (Prior Order at 1-3).

## II.   **MOTION TO REMAND**

Plaintiff moves to remand this action to Riverside County Superior Court on the basis that Defendant has failed to carry its burden of showing that the amount in controversy has been met under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332.  (Motion to Remand at 4).

The applicable legal standards are well-summarized in *Mackall v. Healthsource Glob. Staffing, Inc.*, No. 16-CV-03810-WHO, 2016 WL 4579099, at *2-*3 (N.D. Cal. Sept. 2, 2016) as follows:

The Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), gives federal courts original jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).  A class action that meets CAFA standards may be removed to federal court. 28 U.S.C. § 1441(a).  Unlike the general presumption against removal, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  In fact, Congress intended CAFA jurisdiction to be "interpreted expansively." *Ibarra*, 775 F.3d at 1197.

Under CAFA, a defendant removing a case must provide "a short and plain statement of the grounds for removal . . ." *Id.*  A defendant's notice of removal needs only a "plausible allegation that the amount in controversy

---

**CIVIL MINUTES—GENERAL**                                          3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                    Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

exceeds the jurisdictional threshold" and does not need evidentiary submissions.  *Id.* (*quoting Dart*, 135 S. Ct. at 554).

When testing the amount in controversy alleged, courts look first to the allegations of the complaint.  *Id.*  If the damages are understated or if the defendant argues the damages are understated, the defendant must show by a preponderance of evidence that the aggregate amount exceeds the $5,000,000 threshold.  *Id.*  The defendant in a jurisdictional dispute has the "burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one."  *Id.* at 1197.

When the plaintiff contests the defendant's amount-in-controversy allegations, both sides submit proof, and the court decides whether the jurisdictional threshold has been met.  *Id.* (quoting *Dart*, 135 S. Ct. at 554). The parties may submit evidence beyond the complaint such as affidavits, declarations, or other "summary-judgment type evidence relevant to the amount in controversy...." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

*Mackall*, 2016 WL 4579099, at *2-*3.

With respect to Plaintiff's waiting time penalty claim under California Labor Code section 203, Defendant's NoR identified figures supporting an amount in controversy exceeding $48 million (36,649 putative class members * $11 hourly wage * four hours per day * 30 days = $48,376,680).  (NoR ¶¶ 20-23).

Plaintiff contends that the NoR did not contain any evidence to support its assertions relating to (1) the number of class members; (2) the average hours worked by class members; (3) or the average hourly pay of class members.  (Motion to Remand at 4-6).  Because Plaintiff contests these assertions, both parties are entitled to present "summary-judgment type evidence relevant to the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                    Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

controversy[.]"  *Mackall*, 2016 WL 4579099, at *2-3; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Defendant produced evidence showing that (1) Costco had more than 34,649 non-exempt employees in California whose employment ended within the relevant class period; (2) the overall average hourly wage of terminated employees during the relevant class period was actually $15.62 per hour; and (3) putative class members worked, on average, 6.51 hours per day.  (Declaration of Sarah Rajski ("Rajski Decl.") ¶¶ 1-2 (Docket No. 23-1)).

These figures support an even higher AIC than what was proposed in the FAC: 34,649 class members * hourly rate of $15.62 * 6.51 hours of work per workday * 30 days of delay = $105,699,754.

Plaintiff argues that Costco's waiting time penalties calculation is flawed because Costco improperly assumed that payments were thirty days late for ***all*** of the putative class members.  (Motion to Remand at 8).  The Court disagrees.

The Complaint appears to assert waiting time penalty claims on behalf of all class members no longer employed by Costco.  (Complaint ¶¶ 82-86) ("Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants . . . their wages . . . within seventy two (72) hours" and thus, "Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty day maximum.").

The evidence shows that 34,649 putative class members had their employment ended as of March 8, 2021.  (Rajski Decl. ¶ 4).  Costco removed the case more than thirty days later, on April 21, 2021.  (*See generally* NoR).  Given that Plaintiff does not assert that Costco paid any of the terminated class members wages in the interim period, it is reasonable to assume that all putative class member's wages are more than thirty days overdue.  This conclusion is bolstered by the evidence that Costco has no policy or practice to pay already terminated employees for unrecorded time that occurred during the employees' employment.  (Rajski Decl. ¶ 11).

CIVIL MINUTES—GENERAL                                          5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 21-716 MWF (KKx)**                    **Date:  July 23, 2021**
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

The Court determines that Costco's math is sound and supports an AIC well above $5,000,000.  Even if only ***five percent*** of the class members asserted waiting time violation claims, the AIC would exceed $5,000,000 on these claims alone ($15.62/hour * 6.51 hours/day * 30 days * 34,649 employees * 0.05 = $5,284,987.72).

Accordingly, the Court is satisfied that Costco has demonstrated that the AIC requirement exceeds $5,000,000.  The Motion to Remand is **DENIED**.

## III.  <u>MOTION TO DISMISS</u>

Defendant moves to dismiss Plaintiff's claims on the basis that Plaintiff has failed to allege facts sufficient to cure the defects in the Complaint.  (Motion to Dismiss at 1).

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                    Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## A.   **Unpaid Overtime**

The Court previously dismissed Plaintiff's unpaid overtime claim (Claim One) on the basis that it lacked any factual detail regarding a given workweek.  (Prior Order at 6) (citing *Landers v. Quality Commn's, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014)).  The FAC contains the following allegations, with the changes indicated in bold:

- Plaintiff and the other class members worked in excess of eight (8) hours in a day, and /or in excess of forty hours in a week *including but not limited to, waiting in line to clock in, waiting for COVID pre-screening procedures, and responding to work related inquiries*.  FAC ¶ 57 (emphasis added).

- Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members. . . .  *By way of example, during the week of April 27, 2020, Plaintiff was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day.*  FAC ¶ 58 (emphasis added).

- *Defendants failed to use the non-discretionary bonuses or other incentive based compensation to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages* . . . .  FAC ¶ 59 (emphasis added).

Although the FAC added only minimal detail, the Court is satisfied that the unpaid overtime claims are sufficiently pled under *Landers* because Plaintiff has

CIVIL MINUTES—GENERAL                                          7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                    Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

identified a specific week in which he was not paid overtime.  *See* 771 F.3d at 646
("[Plaintiffs] should be able to allege facts demonstrating there was at least one
workweek in which they worked in excess of forty hours and were not paid overtime
wages.").

Accordingly, the Motion to Dismiss is **DENIED** with respect to the unpaid
overtime claims.

   B.   **Unprovided Meal and Rest Breaks**

The Court previously determined that Plaintiff's rest and meal break claims
(Claims Two and Three) fail because the Complaint did not identify any unprovided
rest or meal breaks.  (Prior Order at 6) (citing *Soratorio v. Tesoro Ref. & Mktg. Co.,
LLC*, CV 17-1554-MWF (RAOx), 2017 WL 1520416, at *6 (C.D. Cal. April 26, 2017)
(dismissing claim because the complaint stated "merely that workers were required to
work through meal breaks; that Defendants did not provide the required meal breaks;
and that Defendant 'suffered and permitted' Plaintiff and other employees to work
through their meal breaks")).

The FAC adds the following allegations:

- Plaintiff and the other class members' meal periods were missed,
  shortened, taken late, and/or were interrupted because Defendant
  required them to perform work duties including, but not limited to,
  waiting in line to clock in and out from meal periods and answering work
  related questions from supervisors and coworkers.  FAC ¶ 69.

- Defendants failed to relieve Plaintiff and other class members of all
  duties . . . and impeded or discouraged them from taking thirty (30)
  minute uninterrupted meal periods no later than the end of their fifth
  hour of work for shifts lasting more than five (5) hours, and/or to take
  second thirty (30) minute uninterrupted meal periods no later than their
  tenth hour of work for shifts lasting more than ten (10) hours.  FAC ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

70.

- Plaintiff and the other class members' rest periods were missed, shortened, late, and/or interrupted because Defendant required them to perform work duties including, but not limited to, responding to work related questions and direction from supervisors and/or coworkers. Additionally, Plaintiff and other class members suffered completely missed rest breaks due to the high volume of work and understaffing. FAC ¶ 80.

- [T]hroughout his employment with Defendants, although Plaintiff was not authorized and permitted to take full, uninterrupted, off-duty rest periods for each four hours worked, or major fraction thereof, he was not provided with rest period premium payments.  FAC ¶ 81.

Plaintiff again fails to sufficiently plead these claims because the FAC does not identify any specific instance in which he was denied a meal period or rest break.  *See Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) (dismissing meal and rest claims because "the requirement in *Landers* that a plaintiff must plead a specific instance of alleged wage and hour violations also applies to claims about missed meal and rest periods"); *Byrd v. Masonite Corp.*, EDCV 16-35-JGB (KKx), 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016) (dismissing claim because "[n]owhere in the Complaint does Plaintiff identify a specific instance in which he was denied ... a meal period, or rest break").

Plaintiff has failed to allege who cut short or denied any meal period, when this allegedly happened, or any other details that would make this claim plausible.  *See Hernandez v. Houdini, Inc.*, SACV 16-1825-DOC (JCGx), 2017 WL 8223987, at *7-8 (C.D. Cal. Mar. 21, 2017) (dismissing meal and rest claims because plaintiff only generally alleged that he did not receive compliant meal periods and did not allege "who it was that cut short or cancelled his meal or rest periods, on what basis they were cut short and cancelled, who ordered Plaintiff and/or others to falsify their time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 21-716 MWF (KKx)                    **Date:** July 23, 2021
**Title:** Ryan Edwards v. Costco Wholesale Corporation et al.

cards, or any other details [showing plausibility]").

Accordingly, the Motion is **GRANTED** *with leave to amend* with respect to the unprovided meal and rest break claims (Claims Two and Three). On amendment, Plaintiff should identify a specific instance in which he was denied a meal period and a rest break, if that can be done consistent with Rule 11. Plaintiff should also identify who cut short or denied this meal period, when this allegedly happened, or any other details that would make this claim plausible. If Plaintiff cannot sufficiently plead these claims in the Second Amended Complaint ("SAC"), no further amendment of these claims will be permitted.

### C.   Unpaid Minimum Wages

The Court previously dismissed Plaintiff's minimum wage claim (Claim Four) on the ground that the Complaint provided no factual basis for this claim other than that "Defendant failed to pay minimum wage to Plaintiff and the other class members." (Prior Order at 7) (quoting Complaint ¶ 77).

The FAC amends the allegation as follows:

Defendants' failure to pay minimum wages included, inter alia, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties including, but not limited to, waiting in line to clock in, waiting for COVID pre-screening procedures, and responding to work related inquiries.

(FAC ¶ 87).

This claim is not sufficiently pled because the FAC provides no context regarding how many minutes or hours Plaintiff allegedly worked off the clock, or how often it allegedly happened. *See Anderson v. Blockbuster Inc.*, No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249, at *3 (E.D. Cal. May 4, 2010) (granting motion to dismiss where plaintiff alleged that defendants regularly failed to pay minimum wage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                    Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

to plaintiff but did not explain "when or how Defendant failed to pay the required wages").

Accordingly, the Motion is **GRANTED** *with leave to amend* with respect to the unpaid minimum wages claim (Claim Four).  On amendment, Plaintiff should identify a specific instance of unpaid minimum wages and provide contextual details regarding how many hours Plaintiff worked with no payment and how frequently this occurred, if this can be done consistent with Rule 11.  If Plaintiff cannot sufficiently plead this claim in the SAC, no further amendment of this claim will be permitted.

## D.    Untimely Wage Payments

The Court previously dismissed the untimely wage payments claims (Claims Five and Six) on the basis that the Complaint did not identify any wages that Costco failed to pay — either at termination or during Plaintiff's employment.  (Prior Order at 7) (citing *Duran v. Maxim Healthcare Services, Inc.*, CV 17-01072-AB (Ex), 2018 WL 5915644, at *4 (C.D. Cal. March 9, 2018) (dismissing waiting time penalties claim where plaintiff fails to "state when or how Defendant failed to pay the required wages")).

With respect to the untimely wage payments claims (Claims Five and Six), the FAC adds the following allegations:

- During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who were discharged, or who provided at least seventy-two (72) hours' notice of their intention to quit, their wages, earned and unpaid, immediately at the time of their discharge or separation.  (FAC ¶ 93).

- Plaintiff was not paid at the time of his separation all wages earned and unpaid throughout his employment, including, but not limited to, minimum wages and overtime wages for time worked off-the-clock and meal and rest period premium payments for missed, short, late,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                    Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

and/or interrupted, meal and rest periods.  FAC ¶ 95.

These new allegations do not cure the defects on the original Complaint.  The FAC again fails to identify what wages he was owed or a single instance in which Defendant failed to pay timely wages.  *See Byrd*, 2016 WL 756523 at *3 ("With regard to plaintiff's unpaid wages claim, plaintiff does not allege what final wages he was owed, nor does he allege a single instance in which Masonite failed to pay plaintiff all wages due to him during his employment").  Put simply, the FAC lacks sufficient factual detail to transform the conclusory allegations in the Complaint into allegations giving rise to a plausible claim for untimely wage payments.  *Anderson*, 2010 WL 1797249 at *3 (granting motion to dismiss when plaintiff merely alleged the legal conclusion that defendants willfully failed to pay plaintiff and class members, and stating that plaintiff must plead sufficient factual content to create a reasonable inference that defendants were liable for the claims alleged).

Accordingly, the Motion is **GRANTED** *with leave to amend* with respect to the untimely wage payments claims.  On amendment, Plaintiff should identify a specific instance in which Defendant failed to pay timely wages and the specific amount in wages he was owed, if that can be done consistent with Rule 11.  If Plaintiff cannot sufficiently plead these claims in the SAC, no further amendment of these claims will be permitted.

## E.   <u>Inadequate Wage Statements and Records</u>

The Court previously dismissed the inadequate wage statements and records claims (Claims Seven and Eight) on the basis that Plaintiff did not identify a single deficient wage statement or inadequate payroll record.  (Prior Order at 7).

The FAC adds no new factual allegations to either claim.  The FAC merely asserts that Plaintiff would need to engage in discovery in order to sufficiently plead these claims:

As the employer willfully requiring work to be performed off-the-clock and failing to provide, authorize and/or permit compliant meal and rest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                    Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

periods or to pay all premium wages owed for such failure, Defendants
has the information necessary to provide wage statements that accurately
reflected the total number of hours actually worked and the actual gross
and net wages earned[.]

. . .

In order to determine how much Plaintiff and the other class members
should have been paid, Plaintiff and the other class members would have
had to engage in discovery and mathematical computations in order to
reconstruct the missing information.

(FAC ¶¶ 107-08).

The burden on Plaintiff to sufficiently plead this claim is minimal:  he
must identify a single deficient wage statement or inadequate payroll record.
*See Byrd*, 2016 WL 756523, at *3 (dismissal granted where "Plaintiff does not
identify a single deficient wage statement or inadequate payroll record")).  If
Plaintiff cannot identify a single deficient wage statement or inadequate payroll
record without discovery, this claim must be dismissed.  (*Id.*).

Despite Plaintiff's lack of effort with respect to curing the defects in the
Complaint, the Court will permit Plaintiff one more opportunity to sufficiently
plead these claims.  Accordingly, the Motion is **GRANTED *with leave to
amend***.  The Court will not permit any further opportunities to amend these
claims.

F.    **Unpaid Expense Reimbursements**

The Court previously dismissed Plaintiff's unpaid expense reimbursements
claim (Claim Nine) on the basis that the Complaint failed to allege facts showing what
expenditures or losses Plaintiff incurred, or why such expenditures or losses were
reasonably incurred in performing his job for Costco.  (Prior Order at 7) (citing
*Hennigan v. Insphere Ins. Solutions*, Inc., No. 13-cv-00638- JST, 2013 WL 1758934

CIVIL MINUTES—GENERAL                                                    13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                    Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

(N.D. Cal. April 24, 2013) at * 5 (dismissal granted where "Plaintiff [did] not identify any expenditures he made that would support a claim under section 2802")).

The FAC adds the following allegation:

> Plaintiff and the other class members incurred necessary business-related expenses and costs  . . .  that were not fully reimbursed by Defendants including, but not limited to, the use of personal phones for business related tasks and the purchasing and maintenance of clothing and specialty footwear in compliance with Defendants' uniform and/or dress code policies.

(FAC ¶ 119).

Although the FAC does not provide any factual detail regarding the cost of the expenses or relevant dates of use/purchase, the Court is satisfied that the identification of specific expenses here relating to phone usage, clothing, and footwear is sufficient to state claim for unpaid reimbursement expenses.  Labor Code section 2802(a) requires employers to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."  Plaintiff has complied with the Prior Order by specifying that the clothing and footwear was purchased in compliance with Defendant's uniform/dress code policies. (*Id.*).

Accordingly, the Motion is **DENIED** with respect to the unpaid expense reimbursement claim.

### G.    Unfair Business Practices

The Court previously dismissed the unfair business practices claim on the basis that it was derivative of the insufficient Labor Code violations alleged in the Complaint.  (Prior Order at 8) (citing *Avina v. Marriott Vacations Worldwide Corp.*, No. CV 18-685-JVS (JPRx), 2018 WL 6844713, at *5 (C.D. Cal. Oct. 15, 2018)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716 MWF (KKx)                    Date:  July 23, 2021
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

(dismissing derivative UCL claim where plaintiff failed to plead facts to state a claim
for minimum wage and overtime)).

Because Plaintiff has cured the deficiencies in the Complaint with respect to at
least one of the alleged Labor Code violations, there is no basis to dismiss the unfair
business practices claim.  (*See id.*).

Accordingly, the Motion to Dismiss is **DENIED** with respect to the unfair
business practices claim.

IV.   **CONCLUSION**

The Court rules as follows:

- The Motion to Remand is **DENIED**.  Defendant has demonstrated that the
AIC exceeds $5,000,000.

- The Motion to Dismiss is **DENIED** with respect to Plaintiff's unpaid
overtime claim.  The Court is satisfied that the unpaid overtime claims are
sufficiently pled because Plaintiff has identified a specific week in which he
was not paid overtime.

- The Motion to Dismiss is **GRANTED** *with leave to amend* with respect to
Plaintiff's meal and rest break claims.  Plaintiff has failed to cure the defects
in the Complaint with respect to these claims.

- The Motion to Dismiss is **GRANTED** *with leave to amend* with respect to
Plaintiff's unpaid minimum wages claim.  Plaintiff has failed to cure the
defects in the Complaint with respect to this claim.

- The Motion to Dismiss is **GRANTED** *with leave to amend* with respect to
Plaintiff's untimely wage payments claims.  Plaintiff has failed to cure the
defects in the Complaint with respect to these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 21-716 MWF (KKx)**                              **Date:  July 23, 2021**
Title:  Ryan Edwards v. Costco Wholesale Corporation et al.

- The Motion to Dismiss is **GRANTED** *with leave to amend* with respect to Plaintiff's inadequate wage statements and records claims. Plaintiff has failed to cure the defects in the Complaint with respect to these claims.

- The Motion to Dismiss is **DENIED** with respect to Plaintiff's unpaid expense reimbursements claim.  Plaintiff has sufficiently identified the expenses incurred as a result of Defendant's policies.

- The Motion to Dismiss is **DENIED** with respect to the unfair business practices claim.  Dismissal of this claim is no longer appropriate because Plaintiff has cured the defects with respect to at least one of the Labor Code violation claims.

Plaintiff shall file his SAC on or before **August 2, 2021**.  Plaintiff is warned that failure to file the SAC on or before August 2, 2021, will result in the dismissal of Claims Two through Eight with prejudice.  Plaintiff is further warned that no additional amendments of the Complaint will be permitted.  Defendant shall respond to the SAC on or before **August 16, 2021**.

IT IS SO ORDERED.