Edwin Aiwazian (Cal. State Bar No. 232943)
Arby Aiwazian (Cal. State Bar No. 269827)
Joanna Ghosh (Cal. State Bar No. 272479)
Brian J. St. John (Cal. State Bar No. 304112)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff Ryan Edwards and the Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN EDWARDS, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>        Plaintiff,<br><br>        vs.<br><br>COSTCO WHOLESALE CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>        Defendant. | Case No.: 5:21-cv-00716-MWF-KK<br><br>Honorable Michael W. Fitzgerald<br>Courtroom 5A<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Notice of Motion and Motion for Class Counsel Award, Costs, and Service Award; Declaration of Class Counsel (Edwin Aiwazian); Declaration of Class Representative (Ryan Edwards); Declaration of Settlement Administrator (Bryn Bridley); [Proposed] Order Awarding Class Counsel Award, Costs, and Service Award; and [Proposed] Order Granting Motion for Final Approval of Class Action Settlement and Judgment filed concurrently herewith]<br><br>Date:         September 11, 2023<br>Time:        10:30 a.m.<br>Courtroom:  5A<br><br>Complaint Filed:  February 8, 2021<br>FAC Filed:      June 1, 2021<br>SAC Filed:      August 4, 2021<br>TAC Filed:      April 6, 2023<br>Trial Date:     None Set |

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLEASE TAKE NOTICE** that on September 11, 2023, at 10:30 a.m., or as soon thereafter as this matter may be heard before the Honorable Michael W. Fitzgerald, in Courtroom 5A of the United States District Court for the Central District of California, located at First Street Courthouse, 350 West First Street, Los Angeles, California 90012, Plaintiff Ryan Edwards ("Plaintiff" or "Class Representative") will and hereby does move for an order granting final approval of:

1.    The proposed class action settlement described herein and as set forth in the parties' Joint Stipulation of Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement") on the grounds that the Settlement is fair, adequate, and reasonable because:

- A Net Settlement Amount of approximately **$4,614,279.54** will be fully distributed to all Class Members who did not submit a timely and valid Request for Exclusion ("Settlement Class Member");

- **No Objections** were submitted to the settlement administrator, Atticus Administration, LLC ("Settlement Administrator" or "Atticus");

- **No Requests for Exclusion** were submitted to the Settlement Administrator;

2.    Payment in the amount of **$48,195.00** to the Settlement Administrator for Administrative Costs;

3.    Allocation for penalties under the California Labor Code Private Attorneys General Act of 2004, Labor Code section 2698, *et seq*. ("PAGA"), in the amount of $500,000.00, of which seventy-five percent (75%) or $375,000.00 will be paid to the California Labor and Workforce Development Agency ("LWDA Payment"), and twenty-five percent (25%) or $125,000.00 will be distributed to all current and former non-exempt employees employed by Defendant at the Costco depots in Tracy, California and Mira Loma, California at any time during the PAGA Period ("Aggrieved Employees").

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

This motion is based upon the following Memorandum of Points and Authorities and the Declaration of Settlement Administrator (Bryn Bridley of Atticus Administration, LLC) in support thereof; as well as the concurrently-filed Notice of Motion and Motion for Class Counsel Award, Costs, and Service Award, and the Declarations of Class Counsel (Edwin Aiwazian) and Class Representative (Ryan Edwards) in support thereof; the pleadings and other records on file with the Court in this matter; and such evidence and oral argument as may be presented at the hearing on this Motion.

Dated: August 14, 2023                    **LAWYERS *for* JUSTICE, PC**

                                   By:    */s/* Joanna Ghosh
                                          _____
                                          Joanna Ghosh
                                          *Attorneys for* Plaintiff and the Class

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## TABLE OF CONTENTS

I.      SUMMARY OF MOTION .............................................................1

II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND ...............................2

III.    SUMMARY OF THE SETTLEMENT TERMS AND PLAN OF DISTRIBUTION..5

IV.     THE SETTLEMENT ADMINISTRATION PROCESS .................................7

V.      THE COURT SHOULD GRANT FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT..................................................................9

        A.      The Settlement Resulted from Arm's-Length Negotiations Based Upon Extensive Investigation and Discovery. ..........................10

        B.      The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement. ....................................................13

        C.      The Settlement Is Fair, Reasonable, and Adequate...................15

        D.      The Class Was Represented by Competent Counsel.....................16

        E.      There Are No Objections to the Settlement. ............................17

VI.     THE ADMINISTRATIVE COSTS ARE FAIR AND REASONABLE AND SHOULD BE APPROVED. ..................................................................17

VII.    CONCLUSION ...................................................................18

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES

1

# **TABLE OF AUTHORITIES**

2

**Cases**

3

*7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135 .......... 10, 17

4

*Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43 ................................................................. 9, 10

5

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794 .......................................................... 9, 10, 17

6

*In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127 F.Supp.2d

7

  418 ................................................................................................................................... 16

8

*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224............................................... 9, 10, 17

9

 **Other Authorities**

10

Conte & Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47............................................. 16

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF MOTION

Plaintiff Ryan Edwards ("Plaintiff") seeks final approval of the Joint Stipulation of Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement"), entered into by and between Plaintiff and Defendant Costco Wholesale Corporation ("Defendant") (collectively with Plaintiff, the "Parties").[1]

The Settlement provides for a Gross Settlement Amount of $8,000,000.00 and seeks relief on behalf of the following Class:

> All current and former non-exempt employees employed by Defendant at the Costco depots in Tracy, California and Mira Loma, California at any time during the Class Period ["Class" or "Class Members"]. Settlement Agreement, ¶ 1.8.

Plaintiff moves for final approval of all payments allocated and provided for by the Settlement, to be paid from the Gross Settlement Amount, including and not limited to, (1) Service Award in the amount of $15,000.00 to Plaintiff, (2) attorneys' fees in the amount of $2,800,000.00, which is thirty-five percent (35%) of the Gross Settlement Amount, and reimbursement of litigation costs and expenses in the amount of $22,525.46 ("Class Counsel Award")[2] to Lawyers for Justice, PC, (3) Administrative Costs in the amount of $48,195.00 to Atticus Administration, LLC ("Atticus" or "Settlement Administrator"), and (4) $500,000.00 allocated to penalties under the Private Attorneys General Act ("PAGA Allocation"), of which $375,000.00 will be paid to the California Labor and Workforce Development Agency ("LWDA") for its portion of the PAGA Allocation ("LWDA Payment"), and $125,000.00 will be distributed to all current and former non-exempt employees employed by Defendant

---

[1]  A copy of the fully-executed Settlement Agreement is attached as "EXHIBIT 1" to the Declaration of Alex Rose in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Rose Decl.") (Docket No. 49-1).

[2]  In the interest of judicial efficiency, and in support of the allocations and requests for the Class Counsel Award and Service Award, Plaintiff respectfully refers the Court to Plaintiff's Motion for Class Counsel Award, Costs, and Service Award, and papers in support thereof, filed concurrently herewith, on August 14, 2023.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

at the Costco depots in Tracy, California and Mira Loma, California at any time during the PAGA Period ("Aggrieved Employees"). Settlement Agreement, ¶¶ 1.3 & 6.2-6.5. The Net Settlement Amount ($4,614,279.54) is the amount that will be available for distribution to Class Members who do not submit a timely and valid Request for Exclusion ("Settlement Class Members"). Settlement Agreement, ¶ 1.49.

The Settlement is fair, adequate, and reasonable, and is the product of arm's-length, good-faith negotiations by experienced counsel, presided over by a highly-regarded mediator who is experienced in mediating wage-and-hour class action lawsuits. Most importantly, as of the date of this Motion, *not a single Class Member has requested exclusion from or objected to any aspect of the Settlement, including the requested Class Counsel Award, Service Award, Administrative Costs, or allocation for PAGA Allocation*.

Accordingly, the Court should grant final approval of the Settlement, and all payments allocated and provided for by the Settlement Agreement, including and not limited to the Administrative Costs and the PAGA Allocation.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendant is a membership warehouse club that provides a wide selection of merchandise and has operations throughout California.  On February 8, 2021, Plaintiff filed the Class Action Complaint for Damages against Defendant in the Superior Court of California for the County of Riverside, Case No. CVRI2100641. On April 21, 2021, Defendant removed the class action to the United States District Court for the Central District of California (the "Court").

On May 27, 2021, Plaintiff provided written notice to the LWDA and Defendant of Plaintiff's intent to seek civil penalties for alleged violations of the California Labor Code and Industrial Welfare Commission Wage Orders ("LWDA Letter").

On June 1, 2021, Plaintiff filed a First Amended Class Action Complaint for Damages.

1    On June 11, 2021, Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. §

2    1447 ("Motion to Remand").

3    On June 21, 2021, Defendant filed an opposition to Plaintiff's Motion to

4    Remand.  On June 28, 2021, Plaintiff filed a reply in support of his Motion to

5    Remand.  On July 19, 2021, the Court took Plaintiff's Motion to Remand under

6    submission.  On July 23, 2021, the Court denied Plaintiff's Motion to Remand.

7    On August 2, 2021, Plaintiff filed a Complaint for Enforcement Under the

8    Private Attorneys General Act, California Labor Code § 2698, *et seq*. in the Superior

9    Court of California for the County of Riverside, Case No. CVRI2103530, in the

10   action entitled *Ryan Edwards v. Costco Wholesale Corporation* ("PAGA Action").

11   On August 4, 2021, Plaintiff filed a Second Amended Class Action Complaint

12   for Damages ("Second Amended Complaint").

13   On August 16, 2021, Defendant filed an Answer to Plaintiff's Second

14   Amended Complaint.

15   Plaintiff's core allegations are that Defendant violated the California Labor

16   Code, California Business and Professions Code, and the Fair Labor Standards Act

17   ("FLSA") by, *inter alia*, failing to properly pay minimum and overtime wages, failing

18   to provide compliant meal and rest periods or pay associated premiums, failing to

19   timely pay wages during employment and upon termination and associated waiting

20   time penalties, failing to provide compliant wage statements, failing to maintain

21   requisite payroll records, and failing to reimburse necessary business-related

22   expenses.  Plaintiff contends that Defendant's conduct constitutes unfair business

23   practices and gives rise to penalties under PAGA.  Plaintiff further alleges that

24   Defendant's failure to properly pay all compensation due, arises from, inter alia,

25   Defendant's practices and policies which required Class Members to work before

26   clocking in for their shifts and after clocking out of their shifts.  As a result, Plaintiff

27   contends that he and the Class Members are entitled to, inter alia, unpaid wages,

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees.

Defendant denies any liability of any kind associated with Plaintiff's claims and allegations, and further denies that Plaintiff or the Class Members are entitled to any relief.   Defendant also denies that this case is appropriate for class or representative treatment for any purpose other than the Settlement.   Defendant maintains, among other things, that it has complied with federal and California laws in all respects.

On September 13, 2022, the Parties participated in a private mediation before Mark S. Rudy, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters.   With the aid of the mediator's evaluations, the Parties reached the Settlement to resolve the above-captioned action ("Action").   On September 28, 2022, the Parties filed a Joint Notice of Settlement and Stipulation to Vacate Motion for Class Certification Deadlines and Hearing.

On February 24, 2023, Plaintiff filed the Notice of Motion and Motion for Preliminary Approval of Class Action and PAGA Settlement ("Motion for Preliminary Approval"). The Motion for Preliminary Approval was unopposed.

On April 6, 2023, the Court entered an Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), thereby preliminarily approving the terms of the Settlement, the Notice of Class and Representative Action Settlement ("Class Notice"), and the proposed administration procedures and associated deadlines.

Per the Settlement, on April 6, 2023, Plaintiff filed a Third Amended Class Action Complaint for Damages and Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, *et seq.*  ("Third Amended Complaint"). On April 13, 2023, pursuant to Plaintiff's request, the state court PAGA Action was dismissed without prejudice.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiff now moves for final approval of the Settlement, Administrative Costs, and the amount for the PAGA Allocation, and for approval of the requested Class Counsel Award and Service Award, as set forth in the concurrently filed Motion for Class Counsel Award, Costs, and Service Award.

## III. SUMMARY OF THE SETTLEMENT TERMS AND PLAN OF DISTRIBUTION

Under the terms of the Settlement Agreement, Defendant has agreed to pay a Gross Settlement Amount of $8,000,000.00. Settlement Agreement, ¶ 1.20. Subject to approval by the Court, the Net Settlement Amount will be calculated by deducting the following amounts from the Gross Settlement Amount: (1) Class Counsel Award, consisting of attorneys' fees in the amount of 35% of the Gross Settlement Amount (equal to $2,800,000.00) and reimbursement of litigation costs and expenses in the amount of $22,525.46, to Class Counsel; (2) Service Award in the amount of $15,000.00 to Plaintiff Ryan Edwards; (3) Administrative Costs in the amount of $48,195.00 to Atticus; and (4) PAGA Allocation in the amount of $500,000.00. *Id.*, ¶¶ 1.27 & 6.2-6.5. The Net Settlement Amount, which is estimated to be $4,614,279.54, will be distributed in accordance with the Settlement Agreement, and there is no reversion to Defendant.[3]

Settlement Class Members will be paid from the Net Settlement Amount on a *pro-rata* basis, based upon the number of days a Class Member performed work for Defendant during the Class Period, as reflected on Defendant's time records, as a non-exempt employee at the Costco depots in Tracy, California or Mira Loma, California based on Defendant's records ("Work Days"). Settlement Agreement, ¶¶

---

[3] This amount is higher than the amount stated in Paragraphs 10 and 14 of the accompanying Declaration of Bryn Bridley on Notice and Settlement Administration ("Atticus Declaration" or "Atticus Decl.") because the Settlement Administrator's calculation assumes that Class Counsel will obtain litigation costs and expenses in the maximum amount of $30,000.00, which is allocated under the Settlement. However, Class Counsel seeks the amount of only $22,525.46 for reimbursement of litigation costs and expenses, and the difference of $7,474.54 will remain part of the Net Settlement Amount.

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1.50 & 6.6.2. The Settlement Administrator will divide the final Net Settlement Amount by the Work Days of all Settlement Class Members to yield the "Final Work Day Value," and multiply each Settlement Class Member's individual Work Days by the Final Work Day Value to yield their Individual Settlement Share. *Id.*, ¶ 6.6.2.

Aggrieved Employees will be paid from the 25% portion of the PAGA Allocation ("Aggrieved Employees' Portion") on a *pro rata* basis based upon the number of days each Aggrieved Employee worked for Defendant during the PAGA Period as a non-exempt employee at the Costco depots in Tracy, California and Mira Loma, California ("PAGA Work Days"). Settlement Agreement, ¶¶ 1.21 & 1.37. The Settlement Administrator will divide the Aggrieved Employees' Portion by the PAGA Work Days of all Aggrieved Employees to yield the "Estimated PAGA Work Day Value," and multiply each Aggrieved Employee's individual PAGA Work Days by the Estimated PAGA Work Day Value to yield their Individual PAGA Payment. *Id.*, ¶ 6.7.1

Class Members had sixty (60) calendar days after the initial mailing of the Class Notice to submit a Request for Exclusion, written Objection, and/or dispute of the Work Days credited to them. Settlement Agreement, ¶ 1.45. In the case of a re-mailed Notice, the deadline was extended by an additional fifteen (15) calendar days ("Response Deadline"). Settlement Agreement, ¶ 1.45. The Response Deadline was July 5, 2023. Atticus Decl., ¶ 9. As of the date of this motion, there are zero (0) Requests for Exclusion or Objections from Class Members. Ibid.

Individual Settlement Shares shall be allocated as sixty percent (60%) non-wage penalties and interest, thirty-five percent (35%) wages, and five percent (5%) other non-wage damages. *Id.*, ¶ 6.8.2. The wages portion will be reported on an IRS Form W-2, and the portions allocated as penalties, interest, and other non-wage damages will be reported on an IRS Form-1099 (if applicable). Ibid. The Individual Settlement Shares will be reduced by any required deductions for employee-side deductions for the wages portion. *Id.*, ¶ 6.8.3. The Settlement Administrator will

issue checks to Settlement Class Members for their Individual Settlement Payment (*i.e.*, payment of their Individual Settlement Share net of these taxes and withholdings). Ibid. Employer-side payroll taxes and contributions (including but not necessarily limited to FICA, FUTA, *etc.*) on the wages portion of the Individual Settlement Shares ("Employer Taxes") shall be conveyed by Defendant to the Settlement Administrator in addition to the Gross Settlement Amount. *Id.*, ¶¶ 1.20 & 6.8.4. The overall tax allocation for the Individual PAGA Payments will be one hundred percent (100%) to civil penalties, and will be reported on IRS Form 1099. *Id.*, ¶ 6.8.1.

All Individual Settlement Payment and Individual PAGA Payment checks will remain valid and negotiable for one hundred eighty (180) calendar days from the date of their original mailing ("Expiration Date"). *Id.*, ¶ 6.9. Approximately thirty (30) calendar days before the end of the Expiration Date, the Settlement Administrator will send a postcard or email notification to the Settlement Class Members and/or Aggrieved Employees who have not cashed, deposited, or otherwise negotiated their checks to remind them of the deadline. *Ibid.* After the Expiration Date, the checks shall be cancelled and funds from all cancelled checks shall be transmitted by the Settlement Administrator to the California State Controller's Unclaimed Property Division in the name of the Settlement Class Member and/or Aggrieved Employee and in the amount of their respective Individual Settlement Payment and/or Individual PAGA Payment. *Ibid.*

## IV.  THE SETTLEMENT ADMINISTRATION PROCESS

The Court-appointed Settlement Administrator, Atticus, has taken all necessary steps to effectuate the notice and settlement administration process, as set forth in the Court's April 6, 2023 Preliminary Approval Order.

On April 6, 2023, Atticus received a copy of the Court Approved Class Notice.

On February 14, 2023, Atticus received a data file from Defendant's counsel that contained each Class Member's full name, employee ID number, last known

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

email address, last known mailing address, last known home telephone number, Social Security number, number of Work Days, number of PAGA Work Days (if applicable), and number of Workweeks during the period of February 8, 2017 through September 9, 2022 (collectively, "Class Data"). Atticus Decl., ¶ 5. The Class Data contained information for 7,734 individuals identified as Class Members. Ibid. Atticus processed the names and addresses through the National Change of Address Database ("NCOA") and updated the Class Data with any updated addresses located. Ibid.

On May 5, 2023, Atticus mailed the Class Notice via first class mail to 7,734 individuals identified as Class Members in the Class Data. Atticus Decl., ¶ 6. The Class Notice in the same format as was mailed was also sent by email to 5,869 Class Members for whom email addresses were contained in the Class Data. *Id*., ¶ 8.

As of the date of this Motion, 385 Class Notices were returned as undeliverable. Atticus Decl., ¶ 7. Of the 385 returned Class Notices, eighteen (18) were returned with a forwarding address and promptly remailed. Ibid. Atticus performed a skip-trace search on the 356 Class Notices that were returned to Atticus without forwarding addresses, located an updated address for 303 Class Members, and promptly re-mailed the Class Notice to the updated addresses. *Ibid*. Ultimately, thirty-three (33) Class Notices remain undeliverable because an updated address was not located through skip-tracing. *Id*., ¶ 7. Of the emails dispersed, 5,612 or 95.62% were successfully delivered and 4,072 or 69.38% were opened. *Id*., ¶ 8.

The Response Deadline was July 5, 2023. Atticus Decl., ¶ 9. As of the date of this Motion, the Settlement Administrator received one Request for Exclusion, which was subsequently withdrawn, resulting in zero Requests for Exclusion, and no Objections or disputes regarding Work Days from Class Members. Ibid.

To date, there are 7,734 Class Members who did not submit a timely and valid Request for Exclusion, and are therefore, deemed to be Settlement Class Members. Atticus Decl., ¶ 7.  6,385 Class Members also worked during the PAGA Period and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

are entitled to a *pro rata* portion of the Aggrieved Employees' Portion. *Id.*, ¶ 12. Pursuant to the terms of the Settlement, the Net Settlement Amount of approximately $4,614,279.54 will be distributed to Settlement Class Members and the Aggrieved Employees' Portion of $125,000.00 will be distributed to Aggrieved Employees, in accordance with the terms of the Settlement. Atticus Decl., ¶¶ 10, 12, & 14.[4]  The *highest* Individual Settlement Share is currently estimated to be at least $2,378.86 and the *average* Individual Settlement Share is currently estimated to be at least $2,378.86. *Id.*, ¶ 11.[5] The *highest* Individual PAGA Payment is currently estimated to be at least $55.59 and the *average* Individual PAGA Payment is currently estimated to be at least $19.58. *Id.*, ¶ 12.

## V.    <u>THE COURT SHOULD GRANT FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT.</u>

The trial court has broad discretion to determine whether a class action settlement is fair and reasonable.  *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 52.   To determine whether the settlement is fair and reasonable, courts consider relevant factors such as "the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement." *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801.  "The list of factors is not exclusive and the court is free to engage in a balancing and weighing of the factors depending on the circumstances of each case."   *Wershba v. Apple*

---

[4] See n.3, *supra*.

[5] The actual average and highest Individual Settlement Payment will be slightly larger than the amounts stated in the Atticus Declaration because the Net Settlement Amount is larger due to Class Counsel's request for reimbursement of litigation costs and expenses in an amount that is less than $30,000.00 (the difference between the amount sought and the amount authorized under the Settlement, *i.e.*, $7,474.54, will be part of the Net Settlement Amount).  See n.3, *supra*.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

*Computer, Inc.* (2001) 91 Cal.App.4th 224, 245. "Due regard should be given to what is otherwise a private consensual agreement between the parties." *Dunk*, *supra*, 48 Cal.App.4th at 1801.

The proponent of the settlement has the burden to show that it is fair and reasonable. *Wershba*, *supra*, 91 Cal.App.4th at 245. At the final approval stage, a presumption of fairness exists where, as here: "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Dunk*, *supra*, 48 Cal.App.4th at 1802. In reviewing a class settlement, the court need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute. *7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135, 1146. The inquiry is not whether the settlement agreement is the best one that class members could have possibly obtained, but whether the settlement, taken as a whole, is "fair, adequate, and reasonable." *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 55. A settlement need not obtain 100 percent of the damages sought in order to be fair, reasonable, and ultimately, meaningful. *Wershba*, *supra*, 91 Cal.App.4th at 251. Even if the proposed settlement affords relief that is substantially narrower than it would be if the case were to be successfully litigated, that is no bar to a class settlement because the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding prolonged litigation.

**A.    The Settlement Resulted from Arm's-Length Negotiations Based Upon Extensive Investigation and Discovery.**

The Parties actively litigated the case since Plaintiff filed the initial complaint on February 8, 2021. Both sides investigated the veracity, strength, and scope of the claims, and Class Counsel was actively preparing the case for class certification, representative adjudication, and trial, prior to reaching the Settlement. Declaration of

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Edwin Aiwazian in Support of Plaintiff's Motion for Final Approval of Class Action Settlement and Motion for Class Counsel Award, Costs, and Service Award ("Aiwazian Decl."), ¶ 6. The Parties conducted significant formal and informal discovery and investigation into the facts of the case, and also informally exchanged a large volume of information, documents and data throughout the course of litigation and in connection with mediation and settlement negotiations. *Ibid*. Class Counsel also had the opportunity to interview and obtain information from Plaintiff and other Class Members, and reviewed and analyzed a large volume of information, documents and data obtained from Plaintiff, Defendant, and other sources. *Ibid*. The documents and data reviewed and analyzed by Class Counsel included, and were not limited to, Plaintiff's and other putative class members' employment records, a detailed sampling of Class Members' time and pay data, class datapoints, multiple iterations of Defendant's employee handbook (referred to as "Employee Agreement"), checklists, acknowledgements, and forms (including, but not limited to, Acknowledgement of Receipt of Defendant's Employee Agreement, Defendant's Employee Payments & Deductions, and Daily Timekeeping Exception Log), various agreements (including, but not limited to, Defendant's Collective Bargaining Agreements, Authorization for Release of Employment Records, Meal Period Waiver Agreement, California Meal Period Waiver, Meal Period Waiver Agreement – During Seasonal Period ONLY, and Second Meal Period Waiver Agreement – during Covid-), and Defendant's operations and employment practices, procedures, and policies documents (including, but not limited to, Defendant's Employee Status Policy, Scheduling Policy, Travel Policy, Supplemental Pay Policy, Breaks and Meal Periods (Non-Exempt Employees) Policy, Accumulation of Goal Hours Policy, Improper Deductions from Salary Policy, Vacations Policy, Paid Sick/Personal Time and Paid Sick Time Policy, Timekeeping (Non-Exempt Employees), Personal Appearance Policy, and Safe Work Shoe Program Amendment), among other information and documents. *Ibid*. Class Counsel researched applicable law,

11

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

developed liability, damages, and penalties valuation models in the course of litigation in connection with mediation and settlement negotiations, and met and conferred with Defendant's counsel on numerous occasions, *e.g*., to discuss issues relating to the pleadings, case management, motion practice, and production of information, documents, and data in the course of litigation and mediation and settlement negotiations. Other work performed by Class Counsel included, and was not limited to, case strategy and analysis, drafting, reviewing, and revising pleadings, motion-related papers, and the mediation brief; preparing for and attending court proceedings, and preparing for and attending mediation and settlement negotiations. *Ibid*.

After conducting significant formal and informal discovery and investigation into the facts of the case, the Parties attended a formal mediation conducted by Mark S. Rudy, Esq., a well-regarded mediator experienced in mediating complex labor and employment matters. Aiwazian Decl., ¶ 8. In the course of mediation and settlement discussions, the Parties exchanged thousands of pages of information, documents, and data, and discussed various aspects of the case, including and not limited to, the risks and delays of further litigation, the risks and expenses to the Parties of proceeding with class certification and/or representative adjudication, the law relating to off-the-clock theory, meal and rest periods, Plaintiff's claims and allegations, and wage-and-hour law and enforcement, the evidence produced and analyzed, and the possibility of appeals, among other things. *Ibid*. During all settlement discussions, the Parties conducted their negotiations at arm's length in an adversarial position. *Ibid*. Arriving at a settlement that was acceptable to the Parties was not easy. *Ibid*. Defendant and its counsel felt very strongly about Defendant's ability to prevail on the merits and to avoid class certification and representative adjudication. Plaintiff and Class Counsel believed that they would be able to obtain class certification and prevail at trial. *Ibid*. After conducting significant formal and informal discovery and investigation, extensive settlement negotiations, and with the aid of the mediator's

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

evaluation, the Parties ultimately agreed that the case was well-suited for settlement given the legal issues relating to Plaintiff's principal claims and the factual circumstances, as well as the costs and risks to the Parties that would attend further litigation. *Ibid*.

The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial, and/or appeals. Class Counsel had the opportunity to interview, and obtain information from Plaintiff and other Class Members. Aiwazian Decl., ¶ 6. Class Counsel also reviewed and analyzed a large volume of information, documents, and data obtained from Defendant, Plaintiff, and other sources, and performed significant research into the applicable law, which is constantly evolving as it relates to certification, off-the-clock theory, meal and rest periods, PAGA representative claims, arbitration agreements, wage-and-hour law and enforcement, Plaintiff's claims and damages, and Defendant's defenses, as well as facts discovered. Ibid. The Settlement was based on this large volume of facts, evidence, and investigation. *Id*., ¶¶ 6 & 8. Additionally, Class Counsel has extensive experience in handling complex wage-and-hour matters, including significant experience in employment class action litigation. *Id*., ¶¶ 15-18.

**B.**  **The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement.**

The Settlement, which provides for a Gross Settlement Amount of $8,000,000.00, represents a fair, adequate, and reasonable resolution of the case, given the risks inherent in litigating class and representative claims through certification proceedings, trial, and/or appeals. Aiwazian Decl., ¶¶ 8 & 21.  The Settlement was calculated using information and data uncovered through extensive case investigation, formal and informal discovery, and the exchange of information in the context of preparing for mediation and ongoing settlement negotiations. *Id*., ¶¶ 5-8. Had the action not settled, Defendant would have vigorously challenged class

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

certification, manageability of representative adjudication, and liability. Defendant contended that individualized questions of fact predominated over any common issues, and these issues would pose challenges to certification and representative adjudication. Defendant would have likely argued again at trial, if any, that Plaintiff's claims were not appropriate for class-wide and/or representative adjudication. On the other hand, Defendant also faced the risk of the Court certifying a class and allowing a jury to decide Plaintiff's claims on a class-wide or representative basis. Additionally, preparation for trial would have been expensive for all parties.

It is preferable to reach an early resolution of a dispute because such resolutions save time and money that would otherwise go to litigation. If this matter had settled after further litigation, the settlement amount would have taken into account the additional costs incurred, and there might have been less money available for Class Members after all was said and done. This is not just an abstract contention. The risks and expenses of further litigation outweighed any benefit that might have been gained otherwise. These risks of further litigation include a determination that the claims were unsuitable for class treatment and/or representative adjudication, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the case, and the real possibility of no recovery after years of litigation. Additionally, the Parties were moving into the phase of the litigation where they would have to conduct a significant amount of additional discovery, including and not limited to, depositions of Defendant's Person Most Knowledgeable designees, expert witnesses, and percipient witnesses, such as managers, supervisors, and other current and former employees throughout the State of California. Discovery disputes would have certainly arisen, which would have cost the parties additional time and money. In contrast, the Settlement provides real and significant benefits for the Class here and now, while avoiding the further expenses, risks, and delay of prolonged litigation with only the possibility of recovery.

///

It would be grossly inefficient for such a large class of current and former employees to bring individual actions to recover from Defendant for the alleged violations of wage-and-hour laws.  Moreover, the potential individual recovery that could be obtained by a Class Member would not be significant enough to provide him or her with the incentive to sue. By granting final approval of the Settlement, the Court can approve a resolution that provides a certain and substantial recovery for Class Members and the State of California.

**C.    The Settlement Is Fair, Reasonable, and Adequate.**

The Settlement, which provides for a Gross Settlement Amount of $8,000,000.00, represents a fair, reasonable, and adequate resolution of the case. The Settlement was calculated using information and data uncovered through extensive case investigation, formal and informal discovery, and the exchange of information in the context of preparing for mediation and conducting ongoing settlement negotiations.  The Settlement takes into account the potential risks and rewards inherent in any case and, in particular, in this case. Moreover, considering all of the facts in the case, the Gross Settlement Amount represents a considerable recovery.

Even after deducting attorneys' fees in the amount of $2,800,000.00, litigation costs and expenses in the amount of $22,525.46, Service Award in the amount of $15,000.00, Administrative Costs in the amount of $48,195.00, and the PAGA Allocation in the amount of $500,000.00 from the Gross Settlement Amount of $8,000,000.00, as provided for by the Settlement, the Net Settlement Amount is currently estimated to be $4,614,279.54. Atticus Decl., ¶¶ 10 & 14.[6] Under the Settlement Agreement, the Gross Settlement Amount will be fully paid out, in accordance with the terms of the Settlement.  As discussed in Section III, *supra*, each Settlement Class Member will be paid a *pro rata* share of the Net Settlement Amount, based on the number of Work Days credited to him or her, and each

---

[6] See n.3, *supra*.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Aggrieved Employee will be a paid a *pro rata* share of the Aggrieved Employees' Portion based on the number of PAGA Work Days credited to him or her. To date, there are 7,734 Settlement Class Members, representing 100% of the Class. *Id.*, ¶ 9. The *highest* Individual Settlement Share is currently estimated to be at least $2,378.86 and the *average* Individual Settlement Share is currently estimated to be at least $2,378.86. *Id.*, ¶ 11. The Individual Settlement Shares are subject to reduction for the employee taxes and withholdings. The *highest* Individual PAGA Payment is currently estimated to be at least $55.59 and the *average* Individual PAGA Payment is currently estimated to be at least $19.58. *Id.*, ¶ 12. These are significant individual recoveries, particularly in light of the risks of litigation.

At the final approval stage, "[a]n allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by experienced and competent class counsel." *In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127 F.Supp.2d 418, 429-30. The *pro rata* allocation here is a fair and reasonable way to distribute the Net Settlement Amount. In light of the above considerations, Class Counsel believes that the Settlement as a whole is fair, reasonable, and adequate, and in the best interest of the Class Members and the State of California. Aiwazian Decl., ¶ 21. Although the recommendations of Class Counsel are not conclusive, the Court can properly take the recommendations into account, particularly if Class Counsel appears to be competent, has experience with this type of litigation, and significant discovery and investigation have been completed, as is the case here. Conte & Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47. Accordingly, the Court should grant final approval of the Settlement.

### D. The Class Was Represented by Competent Counsel.

Class Counsel has extensive experience in employment class action law and complex wage-and-hour litigation. *Id.*, ¶¶ 15-18. Lawyers *for* Justice, PC has been appointed class counsel in numerous complex wage-and-hour cases, and has

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

recovered millions of dollars for individuals in California. *Ibid*. Both Parties' counsel were capable of assessing the strengths and weaknesses of the Class Members' claims against Defendant and the benefits of the Settlement under the circumstances of the case and in the context of a private, consensual settlement agreement.

### E.   There Are No Objections to the Settlement.

The Settlement has been well received by the Class – ***not a single Class Member objected to or requested exclusion from the Settlement.*** Atticus Decl., ¶ 9. Specifically, no objections have been made as to the Gross Settlement Amount or requested Class Counsel Award, Service Award, Administrative Costs, or the amount for the PAGA Allocation. California courts have consistently found that a small number of objectors indicates the class' support for a settlement and strongly favors final approval. *Wershba*, *supra*, 91 Cal.App.4th at 250-51 (final approval granted despite 20 objectors); *7-Eleven Owners*, *supra*, 85 Cal.App.4th at 1152-53 (final approval granted despite 9 objectors).

Here, the lack of any objections speaks volumes about the fairness, reasonableness, and adequacy of this Settlement. Accordingly, the Settlement as a whole is presumed to be fair, reasonable, and adequate, and the Court should grant final approval of the Settlement in its entirety. *Dunk*, *supra*, 48 Cal.App.4th at 1802.

## VI.   THE ADMINISTRATIVE COSTS ARE FAIR AND REASONABLE AND SHOULD BE APPROVED.

As set forth in the accompanying Atticus Declaration, the total costs incurred and to be incurred by Atticus for the notice and settlement administration process are estimated to be $48,195.00. Atticus Decl., ¶ 14.  The costs incurred and to be incurred include, but are not limited to, expenses for formatting, printing, and mailing the Class Notice to the Class Members in English; performing skip-trace searches on Class Notices returned as undeliverable; re-mailing the Class Notices to any updated addresses located by skip-trace search; receiving, reviewing, and processing Requests for Exclusion, written objections, and disputes regarding Work Days and/or PAGA

1  Work Days (if any); handling inquiries from Class Members regarding the
2  Settlement; calculating Individual Settlement Payments and Individual PAGA
3  Payments and preparing the associated tax forms; and transmitting payments, among
4  other things. *Id*., ¶ 3.

5         Accordingly, the Court should grant final approval of payment to Atticus, a
6  necessary third-party administrator, for its handling of the notice and settlement
7  process, in the amount of $48,195.00.

8  **VII.   CONCLUSION**

9         For the foregoing reasons, Plaintiff respectfully requests that the Court grant
10  final approval of the Settlement and the PAGA Allocation, and award Administrative
11  Costs, in their entirety, as sought herein.

12  Dated: August 14, 2023                    **LAWYERS *for* JUSTICE, PC**

13

14                                    By:    */s/* Joanna Ghosh

15                                           Joanna Ghosh
                                             *Attorneys for* Plaintiff and the Class
16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203