UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 21-716-MWF (KKx) | Date: | September 27, 2023 |
| Title: | Ryan Edwards v. Costco Wholesale Corp. | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [54]; PLAINTIFF'S MOTION FOR CLASS COUNSEL AWARD, COSTS, AND SERVICE AWARD [55]

Before the Court are two motions. The first is Plaintiff Ryan Edwards' Motion for Final Approval of Class Action Settlement (the "Settlement Motion"), filed on August 14, 2023. (Docket No. 54). The second is Plaintiff's Motion for Class Counsel Award, Costs, and Service Award (the "Awards Motion"), also filed on August 14, 2023. (Docket No. 55). Defendant Costco Wholesale Corporation filed Notices of Non-Opposition to both motions. (Docket Nos. 56, 58).

The Court has read and considered the Motion and held a hearing on **September 11, 2023**.

The Court rules as follows:

- The Settlement Motion is **GRANTED**. The proposed settlement is fair, reasonable, and adequate to serve the interests of the class members.

- The Awards Motion is **GRANTED** *in part* and **DENIED** *in part*. Reimbursement for Class Counsel's expenses is reasonable. However, Class Counsel fails to adequately demonstrate special circumstances warranting a class counsel award ten percent above the Ninth Circuit's 25% benchmark.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 21-716-MWF (KKx) | Date:  September 27, 2023 |
| Title:        Ryan Edwards v. Costco Wholesale Corp. | |

The Court determines that a **25% award** is more appropriate, which results in a very large fee that is also a substantial multiplier. Similarly, Plaintiff does not justify a Service Award of $15,000; the Court determines that **$10,000** is fair and reasonable.

## I.     BACKGROUND

### A.     Factual and Procedural Background

On February 8, 2021, Plaintiff commenced this putative class action in the Riverside County Superior Court. (Notice of Removal ("NoR"), Ex A ("Complaint") (Docket No. 1–1)). On April 21, 2021, Defendant removed the action, invoking federal jurisdiction pursuant to the Class Action Fairness Act. (*See* NoR ¶ 7 (Docket No. 1)).

On May 27, 2021, Plaintiff provided written notice to the California Labor and Workforce Development Agency (the "LWDA") and Defendant of Plaintiff's intent to seek civil penalties for alleged violations of the California Labor Code and Industrial Welfare Commission Wage Orders (the "LWDA Letter").

On June 1, 2021, Plaintiff filed a First Amended Class Action Complaint for Damages.

On August 2, 2021, Plaintiff filed a Complaint for Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, *et seq*. in the Superior Court of California for the County of Riverside, Case No. CVRI2103530, in the action entitled *Ryan Edwards v. Costco Wholesale Corporation* ("PAGA Action").

On August 4, 2021, Plaintiff filed a Second Amended Class Action Complaint for Damages (the "SAC"). (Docket No. 28).

Plaintiff's core allegations are that Defendant violated the California Labor Code, California Business and Professions Code, and the Fair Labor Standards Act ("FLSA") by failing to properly pay minimum and overtime wages, failing to provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 21-716-MWF (KKx) | **Date:** September 27, 2023 |
| **Title:** Ryan Edwards v. Costco Wholesale Corp. | |

compliant meal and rest periods or pay associated premiums, failing to timely pay wages during employment and upon termination and associated waiting time penalties, failing to provide compliant wage statements, failing to maintain requisite payroll records, and failing to reimburse necessary business-related expenses. Plaintiff contends that Defendant's conduct constitutes unfair business practices and gives rise to penalties under PAGA. Plaintiff further alleges that Defendant's failure to properly pay all compensation due, arises from Defendant's practices and policies which required Class Members to work before clocking in for their shifts and after clocking out of their shifts. As a result, Plaintiff contends that he and the Class Members are entitled to unpaid wages, penalties (including penalties pursuant to PAGA), and attorneys' fees.

On September 13, 2022, the parties participated in a private mediation before Mark S. Rudy, Esq., and reached a settlement to resolve the action. (Settlement Motion at 4).

On February 24, 2023, Plaintiff filed the Motion for Preliminary Approval of Class Action and PAGA Settlement. (Docket No. 49). On April 6, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), preliminarily approving the terms of the Settlement, the Notice of Class and Representative Action Settlement ("Class Notice"), and the proposed administration procedures and associated deadlines. (Docket No. 52).

Per the Settlement, on April 6, 2023, Plaintiff filed a Third Amended Class Action Complaint for Damages and Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, *et seq.* ("Third Amended Complaint"). Plaintiff's proposed class in the TAC is defined as "all current and former non-exempt employees employed by Defendant at the Costco depots in Tracy, California and Mira Loma, California at any time during the period from February 8, 2017, through December 31, 2022. On April 13, 2023, pursuant to Plaintiff's request, the state court PAGA Action was dismissed without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716-MWF (KKx)                         Date:  September 27, 2023
Title:      Ryan Edwards v. Costco Wholesale Corp.

### B.  The Settlement

The settlement agreement is attached to the Declaration of Alexandra Rose in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Rose Decl.") as Exhibit 1.  (Docket No. 49-1 (the "Settlement Agreement")).

Under the terms of the Settlement Agreement, Defendant has agreed to pay a Gross Settlement Amount of $8,000,000.  (Settlement Agreement ¶ 1.20).  Subject to approval by the Court, the Net Settlement Amount will be calculated by deducting the following amounts from the Gross Settlement Amount: (1) Class Counsel Award, consisting of attorneys' fees in the amount of 35% of the Gross Settlement Amount (equal to $2,800,000) and reimbursement of litigation costs and expenses in the amount of $22,525.46, to Class Counsel; (2) Service Award in the amount of $15,000 to Plaintiff Ryan Edwards; (3) Administrative Costs in the amount of $48,195 to Atticus; and (4) PAGA Allocation in the amount of $500,000..  (*Id.* ¶¶ 1.27 & 6.2-6.5).  The Net Settlement Amount, which is estimated to be $4,614,279.54, will be distributed in accordance with the Settlement Agreement, and there is no reversion to Defendant.

Settlement Class Members will be paid from the Net Settlement Amount on a *pro-rata* basis, based upon the number of days a Class Member performed work for Defendant during the Class Period, as reflected on Defendant's time records, as a non-exempt employee at the Costco depots in Tracy, California or Mira Loma, California based on Defendant's records ("Work Days").  (*Id.* ¶¶ 1.50 & 6.6.2).  The Settlement Administrator will divide the final Net Settlement Amount by the Work Days of all Settlement Class Members to yield the "Final Work Day Value," and multiply each Settlement Class Member's individual Work Days by the Final Work Day Value to yield their Individual Settlement Share.  (*Id.*, ¶ 6.6.2).

Aggrieved Employees will be paid from the 25% portion of the PAGA Allocation ("Aggrieved Employees' Portion") on a *pro rata* basis based upon the number of days each Aggrieved Employee worked for Defendant during the PAGA Period as a non-exempt employee at the Costco depots in Tracy, California and Mira

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 21-716-MWF (KKx) | **Date:** September 27, 2023 |
| **Title:** Ryan Edwards v. Costco Wholesale Corp. | |

Loma, California ("PAGA Work Days"). (*Id.* ¶¶ 1.21 & 1.37). The Settlement Administrator will divide the Aggrieved Employees' Portion by the PAGA Work Days of all Aggrieved Employees to yield the "Estimated PAGA Work Day Value," and multiply each Aggrieved Employee's individual PAGA Work Days by the Estimated PAGA Work Day Value to yield their Individual PAGA Payment. (*Id.* ¶ 6.7.1).

Class Members had sixty (60) calendar days after the initial mailing of the Class Notice to submit a Request for Exclusion, written Objection, and/or dispute of the Work Days credited to them. (*Id.* ¶ 1.45). In the case of a re-mailed Notice, the deadline was extended by an additional fifteen (15) calendar days ("Response Deadline"). (*Id.* ¶ 1.45). The Response Deadline was July 5, 2023. (Declaration of Bryn Bridley on Notice and Settlement Administration (the "Atticus Decl.") (Docket No. 54-3) ¶ 9). As of the date of this motion, there are zero (0) Requests for Exclusion or Objections from Class Members. (*Id.*).

Individual Settlement Shares shall be allocated as sixty percent (60%) non-wage penalties and interest, thirty-five percent (35%) wages, and five percent (5%) other non-wage damages. (*Id.* ¶ 6.8.2). The wages portion will be reported on an IRS Form W-2, and the portions allocated as penalties, interest, and other non-wage damages will be reported on an IRS Form-1099 (if applicable). (*Id.*). The Individual Settlement Shares will be reduced by any required deductions for employee-side deductions for the wages portion. (*Id.* ¶ 6.8.3). The Settlement Administrator will issue checks to Settlement Class Members for their Individual Settlement Payment (*i.e.*, payment of their Individual Settlement Share net of these taxes and withholdings). (*Id.*). Employer-side payroll taxes and contributions (including but not necessarily limited to FICA, FUTA, *etc.*) on the wages portion of the Individual Settlement Shares ("Employer Taxes") shall be conveyed by Defendant to the Settlement Administrator in addition to the Gross Settlement Amount. (*Id.* ¶¶ 1.20 & 6.8.4). The overall tax allocation for the Individual PAGA Payments will be one hundred percent (100%) to civil penalties, and will be reported on IRS Form 1099. (*Id.* ¶ 6.8.1).

All Individual Settlement Payment and Individual PAGA Payment checks will remain valid and negotiable for one hundred eighty (180) calendar days from the date

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 21-716-MWF (KKx) | **Date:** September 27, 2023 |
| **Title:** Ryan Edwards v. Costco Wholesale Corp. | |

of their original mailing ("Expiration Date"). (*Id.* ¶ 6.9). Approximately thirty (30) calendar days before the end of the Expiration Date, the Settlement Administrator will send a postcard or email notification to the Settlement Class Members and/or Aggrieved Employees who have not cashed, deposited, or otherwise negotiated their checks to remind them of the deadline. (*Id.*). After the Expiration Date, the checks shall be cancelled and funds from all cancelled checks shall be transmitted by the Settlement Administrator to the California State Controller's Unclaimed Property Division in the name of the Settlement Class Member and/or Aggrieved Employee and in the amount of their respective Individual Settlement Payment and/or Individual PAGA Payment. (*Id.*).

## II.     DISCUSSION

Plaintiff seeks final approval of the Settlement Agreement and a $15,000 class representative enhancement award. (Settlement Motion at 9–17; Awards Motion at 24-25). Plaintiff also requests attorneys' fees in the amount of $2,800,000 or 35% of the settlement fund, and reimbursement of expenses incurred in the amount of $22,525.46. (Awards Motion at 5).

### A.     **Final Approval of the Class Action**

Before approving a class action settlement, Rule 23 requires the Court to determine whether the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 21-716-MWF (KKx) | Date: September 27, 2023 |
| Title: Ryan Edwards v. Costco Wholesale Corp. | |

and quotation marks omitted) (applying the factors announced in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

"The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton*, 327 F.3d at 960 (quoting *Hanlon*, 150 F.3d at 1026). "The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair." *Linney v. Cellular Alaska P'ship*, Nos. C–96–3008 DLJ, C–97–0203 DLJ, C–97–0425 DLJ, C–97–0457 DLJ, 1997 WL 450064, *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234, 1234 (9th Cir. 1998).

"In addition, the settlement may not be the product of collusion among the negotiating parties." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

Here, the Court is satisfied that the Agreement is not the product of collusion between the parties. The Agreement is the outcome of an arms-length negotiation conducted with the help of an experienced wage-and-hour class action mediator, Mark S. Rudy. (Settlement Motion at 2, 12). "The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Fed. Express Corp.*, No. 03-cv-2878-SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007). Moreover, Class Counsel has extensive experience litigating employment law and wage-and-hour actions on behalf of plaintiffs. (*Id.* at 13). Class Counsel has represented plaintiffs in numerous class actions in state and federal courts in California and has also been appointed lead class counsel in many settled class actions. (*Id.*). The arms-length nature of the negotiation resulting in the Settlement Agreement and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.  EDCV 21-716-MWF (KKx) | Date:  September 27, 2023 |
| Title:      Ryan Edwards v. Costco Wholesale Corp. | |

the recommendation of experienced class action counsel support final approval.  *See Linney*, 1997 WL 450064, at *5.

Moreover, consideration of the *Hanlon* factors dictates final approval of the proposed settlement:

### 1. Strength of Plaintiff's case and risk, expense, complexity, and likely duration of further litigation

When assessing the strength of a plaintiff's case, the Court does not reach "any ultimate conclusions regarding the contested issues of fact and law that underlie the merits of this litigation."  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989).

Plaintiff acknowledges that, despite the strength of his case, "the risks and expenses of further litigation outweighed any benefit that might have been gained otherwise."  (Settlement Motion at 14).  Plaintiff asserts that risks of further litigation include "a determination that the claims were unsuitable for class treatment and/or representative adjudication, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the case, and the real possibility of no recovery after years of litigation."  (*Id.*).  Plaintiff also contends that the parties were moving into the phase of the litigation where they would have had to conduct significant and costly additional formal discovery, including and not limited to, depositions of Defendant's Person Most Knowledgeable designees, expert witnesses, and percipient witnesses.  (*Id.*).  Plaintiff asserts that discovery disputes would have arisen which would have cost the parties additional time and money.  (*Id.*).  Plaintiff argues that the Settlement provides significant benefits for the Class Members here and now, while avoiding the further expenses, risks, and delay of prolonged litigation with only the possibility of recovery.  (*Id.*).

Accordingly, this factor weighs in favor of final approval of the Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716-MWF (KKx)                                 Date:  September 27, 2023
Title:     Ryan Edwards v. Costco Wholesale Corp.

### 2. Amount offered in the Agreement

The Court concludes the $8,000,000 offered in the Agreement is fair and reasonable.  The Court looks at "the complete package taken as a whole, rather than the individual component parts" in making this determination.  *Officers for Justice*, 688 F.2d at 628.  After deducting administration costs, attorneys' fees and expenses, the PAGA Payment, and the proposed incentive award, the class members will collectively receive at least $4,614,279.54 of these available funds.  (*See* Settlement Motion at 15).  Assuming 100% of the settlement class members participate, the average recovery for each eligible class member will be approximately $595.42, and the highest settlement payment will be approximately $2,378.86.  (Atticus Decl. ¶ 11).  Additionally, the average Individual PAGA Payment will be approximately $19.58, and the highest Individual PAGA Payment will be approximately $55.59.  (*Id.* ¶ 12).

When considered in light of the potential pitfalls of continued litigation, a recovery of $595.42 per class member who submitted a valid claim appears fair and reasonable.  If this litigation were to continue, Plaintiff may not prevail on all claims and overcome all defenses and the aggregate recoverable damages may be significantly less than $8,000,000.  Moreover, continued litigation would result in considerable additional expenses.  Accordingly, this factor also weighs in favor of final settlement approval.

### 3. Extent of discovery completed and stage of the proceedings

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement."  *Linney*, 151 F.3d at 1239.  Plaintiff contends that the parties have engaged in extensive investigation and discovery on, among other things, class members' employment records, a detailed sampling of class members' time and payment data, Defendant's company policies, practices, and procedures, and various agreements implicating working conditions.  (Settlement Motion at 10–12).  The parties conducted significant formal and informal discovery and investigation, informally exchanged a large volume of information, and met and conferred on multiple occasions to discuss issues related to the pleadings, case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  EDCV 21-716-MWF (KKx) | **Date:**  September 27, 2023 |
| **Title:**     Ryan Edwards v. Costco Wholesale Corp. | |

management, motion practice, and production of information.  (*Id.* at 10–11).  After the parties engaged in significant formal and informal discovery and investigation, the parties participated in private mediation.  The Court concludes that the parties had ample information with which to make informed settlement decisions.  Accordingly, this factor weighs in favor of final settlement approval.

### 4. Experience and views of counsel

Class Counsel has extensive experience litigating wage-and-hour class actions.  (*Id.* at 16–17).  Counsel are of the opinion that "this case was well-suited for settlement given the legal issues relating to Plaintiff's principal claims and the factual circumstances, as well as the costs and risks to the parties that would attend further litigation."  (*Id.* at 13).  Further, counsel have conducted detailed discovery in this action and engaged in mediated negotiations before ultimately reaching and recommending this Agreement.  (*Id.* at 11–12).  Accordingly, this factor weighs in favor of final settlement approval.

### 5. Reaction of the class members to the Agreement

Atticus, the settlement administrator, received no objections to the Settlement Agreement.  (Settlement Motion at 17).

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."  *Nat'l Rural Telecomm'cns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528-29 (C.D. Cal. 2004); *see also Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 45 objections out of 90,000 notices sent).

Accordingly, this factor also weighs in favor of final settlement approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 21-716-MWF (KKx) | Date: September 27, 2023 |
| Title: Ryan Edwards v. Costco Wholesale Corp. | |

### B. Attorneys' Fees

In the Ninth Circuit, there are two primary methods to calculate attorney's fees: the lodestar method and the percentage-of-recovery method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) (citation omitted). "The lodestar method requires 'multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.'" *Id.* (citation omitted).

"Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%." *Id.* (citation omitted). However, the "benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). "The Ninth Circuit has identified a number of factors that may be relevant in determining if the award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases." *Martin v. Ameripride Services, Inc.*, No. 08-cv-440-MMA, 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)). The choice of "the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

Class Counsel seeks fees in the amount of $2,800,000, or 35% of the $8,000,000 settlement fund. (Awards Motion at 9). The Court previously noted that "Counsel should be prepared to justify any departure from the Ninth Circuit's 25% benchmark at the final settlement conference, particularly given that 35% appears unlikely to be justified here." (Preliminary Approval Order at 2–3).

After reviewing counsel's Awards Motion and billing summary, the Court concludes that counsel's request for 35% is not justified by special circumstances.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 21-716-MWF (KKx) | **Date:** September 27, 2023 |
| **Title:** Ryan Edwards v. Costco Wholesale Corp. | |

Class Counsel contends that a 35% award is "commensurate with the time, effort, and expense dedicated to the case, the contingent nature of Class Counsel's fees and the risks taken in the case, the skill and determination required, the results that Class Counsel has achieved, and the value of the settlement." (Awards Motion at 11). Class Counsel further argues that they have spent significant effort, 968.9 hours, and faced well-respected defense counsel. (*Id.* at 13–14). The Court does not find the litigation especially risky or complex and notes that the two-year length of this litigation—and the resultant financial burden placed on Plaintiffs' counsel by the contingent nature of the fee award—was not unusually protracted. *Cf. Six Mexican Workers*, 904 F.2d at 1311 (finding no departure from the 25% benchmark where "the litigation lasted more than 13 years, obtained substantial success, and involved complicated legal and factual issues").

In addition, the Court could not perform a lodestar crosscheck with the information provided by Class Counsel. While counsel has submitted an itemized billing summary, the summary does not detail which attorneys performed the listed work or provide the background of the several attorneys who worked on the action, other than lead counsel Edwin Aiwazian. (*See* Declaration of Edwin Aiwazian ("Aiwazian Decl.") (Docket No. 55-1) ¶ 11–17, Ex. A). Collectively, Counsel have devoted 968.90 hours in this action, including 27.50 hours reviewing, researching, and drafting the current motions and related declarations. (*Id.* ¶ 11, Ex. A). The Court views the time spent as reasonable given the issues involved and the mediation and negotiations that occurred.

However, the Court cannot determine if Class Counsel's proposed blended rate of $780 is reasonable without knowing which attorneys performed specific tasks and the experience of each attorney. *See Weeks v. Kellogg Co.*, No. CV 09-08102 MMM (RZX), 2013 WL 6531177, at *32 (C.D. Cal. Nov. 23, 2013) (billing records failing to show the specific tasks performed by specific individuals are of little help in assessing the reasonableness of the fees). For instance, Counsel's billing summary does not differentiate between tasks performed by partners and tasks performed by associates, making a comparison to counterparts in the community impossible. *Cf. 2022 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 21-716-MWF (KKx) | **Date:** September 27, 2023 |
| **Title:** Ryan Edwards v. Costco Wholesale Corp. | |

*Practices* (for Los Angeles attorneys who practice labor and employment law, the first and third quartile rate for partners is $567 and $870, and the first and third quartile rate for associates is $325 and $525).

An award of 25% of the settlement fund equates to attorney's fees of $2,000,000, which amounts to an hourly rate of $2,064.19. Using Class Counsel's suggested blended rate of $780/hour, which the Court cannot confirm as reasonable, a 25% award would amount to a multiplier of 2.56. This multiplier is well within the range of reasonable multipliers. *See Vizcaino*, 290 F.3d at 1052–1054 (surveying multipliers in 23 class action suits and recognizing that courts applied multipliers of 1.0 to 4.0 in 83% of surveyed cases); *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1170 (C.D. Cal. 2010) (observing that "multipliers may range from 1.2 to 4 or even higher"). Plaintiff has not persuasively demonstrated a higher percentage of the total settlement fund, and therefore a higher multiplier, is warranted here. Indeed, where courts have recently awarded upward deviations from the 25% benchmark, lodestar crosschecks revealed a negative multiplier, which is not the case here. *See, e.g.*, *Reed v. Balfour Beatty Rail, Inc.*, Case No. 8:21-CV-1846-JLS (ADSx), 2023 WL 4680922, at *7 (C.D. Cal. June 22, 2023) (awarding attorneys' fees of 33% of gross settlement fund where fees requested represented a negative multiplier of .53); *Sarabia v. Ricoh USA, Inc.*, Case No. 8:20-CV-218-JLS (KESx), 2023 WL 3432160, at *10 (C.D. Cal. May 1, 2023) (reducing requested attorneys' fees from 35% to 30% where lodestar figure was higher than total fees requested); *Baten v. Michigan Logistics, Inc.*, Case No. CV 18-10229-GW (MRWx), 2023 WL 2440244, at *8 (C.D. Cal. Mar. 8, 2023) (awarding attorney's fees of 33% of gross settlement amount where requested fees amounted to negative multiplier of .63). To award Class Counsel more than the Ninth Circuit's 25% benchmark of the gross settlement amount would risk making the award an impermissible "windfall." *See In re Bluetooth*, 654 F.3d 935, 942 (9th Cir. 2011).

At the hearing, counsel argued that 35% was justified because of the skill of the lawyers and the skill of opposing counsel, which the Court does not view as justifying an amount beyond the substantial multiplier being awarded here. The Court also reviewed the two district court orders cited by counsel at the hearing. In both cases,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 21-716-MWF (KKx) | Date:  September 27, 2023 |
| Title:       Ryan Edwards v. Costco Wholesale Corp. | |

the district court (including this Court) justified an award above 25% for reasons not applicable here.

Accordingly, the Court concludes that Class Counsel's request for attorneys' fees is not reasonable and limits the award for attorneys' fees to 27% of the total settlement fund, or $2,000,000.

### C. Reimbursement of Litigation Expenses

Counsel seeks reimbursement of litigation expenses in the amount of $22,525.46.  (Awards Motion at 24).

Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.  *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

Counsel provide a detailed breakdown of costs.  (Aiwazian Decl. ¶ 19, Ex. B).  The bulk of the costs relates to the mediator fee totaling $11,000, filing fees, and service fees.  (*See Id.*).  Attorneys routinely bill clients for such expenses, and it is therefore appropriate to allow counsel to recover these costs from the settlement fund.

Class members were also notified that counsel would seek reimbursement of litigation expenses up to $30,000.  (*See* Awards Motion at 24).

Accordingly, the Court concludes that counsel's request for litigation expenses is fair and reasonable.

### D. Class Representative Enhancement Award

The Settlement provides for a Service Award of $15,000 to Plaintiff for his participation in this action.  (Awards Motion at 24).

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments" as part of a class action settlement.  *Staton*, 327 F.3d at 977.  When evaluating the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 21-716-MWF (KKx) | **Date:** September 27, 2023 |
| **Title:** Ryan Edwards v. Costco Wholesale Corp. | |

reasonableness of an incentive award, courts may consider factors such as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *Id.*

Plaintiff contends that the $15,000 service award is appropriate here because he spent a substantial amount of time and effort producing relevant documents and past employment records, as well as providing the facts and evidence necessary to attempt to prove the allegations, including by providing initial disclosures and attending a deposition. (Awards Motion 24–25). Class Counsel also notes that Plaintiff was available whenever Class Counsel needed him and actively tried to obtain, and gave, information that facilitated the pursuit of class and PAGA claims. (*Id.* at 25). Plaintiff states that he spent approximately:

- 11 hours researching leading class action and employment law firms in California (Declaration of Ryan Edwards (Docket No. 55-2) ¶ 2);

- 10 hours consulting Lawyers for Justice regarding his employment situation, wage-and-hour class actions, PAGA, and his role as a named plaintiff and class representative (*id.*);

- 16 hours communicating with his attorneys, gathering documents concerning his employment, reviewing documents and answering questions, providing guidance regarding the duties of non-exempt employees, and helping develop a strategy as to what documents to obtain from Defendant (*id.* ¶ 3);

- 14 hours preparing initial disclosures, identifying potential witnesses, providing documents to attorneys, and describing Defendant's policies, practices, and procedures to attorneys (*id.* ¶ 4);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-716-MWF (KKx)                     Date:  September 27, 2023
Title:     Ryan Edwards v. Costco Wholesale Corp.

- 12.75 hours preparing for his deposition, attending a full day deposition, and reviewing his testimony (*id.* ¶ 5); and

- 7 hours reviewing and discussing the settlement with attorneys (*id.* ¶ 5).

However, service awards of $15,000 are not common in wage-and-hour class actions, especially those that settle at an early stage of the litigation.  *See Grady v. RCM Techs., Inc.*, No. 5:22-CV-842-JLS (SHKx), 2023 WL 3327093, at *9 (C.D. Cal. May 2, 2023).

Here, Plaintiff's service award of $15,000 is twenty-five times more than the average settlement share for each class member estimated to be $595.42.  Recently, other federal district courts in California have found that service awards of $15,000 or even smaller were excessive in comparable wage-and-hour class action settlements.  *See, e.g., Grady v. RCM Techs., Inc.*, 2023 WL 3327093, at *9 (rejecting $15,000 service award where average class member's recovery was $567); *Wilson v. J.B. Hunt Logistics, Inc.*, Case No. 18-CV-3487-SVW (AFMx), 2020 WL 11626082, at *4 (C.D. Cal. Nov. 13, 2020) (finding that the sole named plaintiff's proposed $7,500 service award exceeded typical awards in comparable wage-and-hour class actions, which ranged between $2,000 and $5,000); *Campos v. Converse, Inc.*, No. 5:15-CV-1576-JGB (SPx), 2022 WL 4099756, at *7 (C.D. Cal. Aug. 15, 2022) (reducing request for $8,500 service award to $6,000 where average estimated settlement award for each class member was $615); *Louangamath v. Spectranetics Corp.*, Case No. 18-CV-3634-JST, 2021 WL 9274552, at *5 (noting that, "absent compelling circumstances, [the Court] is unlikely to look favorably on an award greater than $5,000).

Considering the discrepancy between Plaintiff's requested service award and the average class member's estimated award and the relatively short length of this case, the Court finds that Plaintiff has not persuasively argued that his incentive award is justified here.  The Court determines that a Service Award of $10,000 is fair and reasonable.  *See, e.g., Castro v. Paragon Indutries, Inc.*, 1:19-CV-755-DAD (SKOx), 2021 WL 20242333, at *13 (granting $10,000 award for 70 hours of work over three years, reflecting 0.025% of the gross settlement amount); *Acosta v. Evergreen*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 21-716-MWF (KKx) | Date: September 27, 2023 |
| Title: Ryan Edwards v. Costco Wholesale Corp. | |

*Moneysource Mortg. Co.*, No. 2:17-cv-00466-KJM (DBx), 2019 WL 6051117, at *18 (E.D. Cal. Nov. 15, 2019) (granting $10,000 award for 40 hours of work, reflecting 2.85% of the gross settlement amount); *Aguilar v. Wawona Frozen Foods*, No. 1:15-cv-00093-DAD (EPGx), 2017 WL 2214936, at *8 (E.D. Cal. May 19, 2017) (approving an incentive award of $7,500 to each class representative where average class recovery was approximately $500).

### III. CONCLUSION

The Motions are ruled upon as follows:

- The Settlement Motion is **GRANTED**.

- The Awards Motion is **GRANTED** *in part* and **DENIED** *in part*.

The Court awards counsel $2,000,000 in attorneys' fees and $22,525.46 in costs, to be paid from the settlement fund. The Court also awards Plaintiff a Service Award of $10,000.

By no later than **September 25, 2023**, Class Counsel shall file a revised settlement summary outlining how the settlement will be distributed among class members in light of the reduced attorneys' fees award and Service Award. The Court will issue a judgment after the Court reviews the summary submitted by Class Counsel.

IT IS SO ORDERED.