JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN EDWARDS, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-00716-MWF(KKx)<br><br>**CLASS ACTION**<br><br>**JUDGMENT APPROVING FINAL SETTLEMENT AND ORDER AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARD** |

Before the Court is Plaintiff Ryan Edward's Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") and Motion for Class Counsel Award, Costs, and Service Award. (Docket Nos. 54, 55).

On April 6, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (Docket No. 53) ("Preliminary Approval Order"), and thereby preliminarily approved the settlement of the above-entitled action ("Action") in accordance with the Joint Stipulation of Class Action and PAGA Settlement Agreement ("Agreement" or "Settlement Agreement") entered into by

1  and between Plaintiff and Defendant Costco Wholesale Corporation ("Defendant"),
2  which, together with the exhibits annexed thereto, set forth the terms and conditions
3  for settlement of the Action.
4      Having reviewed the Settlement Agreement and duly considered the Parties'
5  papers and oral argument, and good cause appearing,
6      **THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS**
7  **FOLLOWS:**
8      1.    All terms used herein shall have the same meaning as defined in the
9  Settlement Agreement and the Preliminary Approval Order.
10     2.    This Court has jurisdiction over the claims of the Class Members
11 asserted in this proceeding and over all Parties to the Action.
12     3.    For settlement purposes only, the Class is hereby defined to include:
13     All current and former non-exempt employees employed by
14     Defendant at the Costco depots in Tracy, California and Mira Loma,
15     California at any time during the period from February 8, 2017
16     through December 31, 2022.
17     4.    For settlement purposes only, this Court finds that the Class meets the
18 requirements for certification under section 23 of the Federal Rules of Civil
19 Procedure in that: (a) the Class is ascertainable and so numerous that joinder of all
20 members of the Class is impracticable; (b) questions of law or fact common to the
21 Class predominate, and there is a well-defined community of interest among
22 members of the Class with respect to the subject matter of the Action; (c) Plaintiff's
23 claims are typical of the claims of the members of the Class; (d) a class action is
24 superior to other available methods for an efficient adjudication of this controversy;
25 (e) Plaintiff will fairly and adequately protect the interests of the members of the
26 Class; and (e) the counsel of record for Plaintiff, Lawyers *for* Justice, PC, is
27 qualified to serve as counsel for the Class.
28 ///

5. The Court confirms Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC as counsel for the Class ("Class Counsel"), and Plaintiff Ryan Edwards as representative of the Class ("Class Representative").

6. The Court confirms Atticus Administration, LLC as the Settlement Administrator to administer the Settlement pursuant to the terms of the Settlement Agreement.

7. The Notice of Class and Representative Action Settlement ("Class Notice") that was provided to the Class Members, fully and accurately informed all Class Members of all material elements of the Settlement and of their opportunity to participate in, object to or comment thereon, or to seek exclusion from, the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law. The Class Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

8. The Court hereby grants final approval of the Settlement, which provides for a Gross Settlement Amount of Eight Million Dollars ($8,000,000), and finds that it is reasonable and adequate, and in the best interests of the Class as a whole. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; is the result of serious, informed, adversarial, and arms-length negotiations between the Parties; and is in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of Plaintiff's claims; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court has further considered the absence of any

objections to the Settlement submitted by Class Members. Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Settlement Agreement and the following terms and conditions.

9. The Court finds that a full opportunity has been afforded to Class Members to make objections to the Settlement and a full opportunity has been afforded to Class Members to participate in the Final Approval Hearing. All Class Members and other persons wishing to be heard have been heard. The Court also finds that Class Members also have had a full and fair opportunity to exclude themselves from the Settlement. Accordingly, the Court determines that all Class Members who did not submit a timely and valid Request for Exclusion to the Settlement Administrator ("Settlement Class Members") are bound by this Order Granting Final Approval of Class Action and PAGA Settlement ("Final Approval Order and Judgment").

10. The Court finds that payment of Administrative Costs in the amount of $50,000.00 is appropriate for the services performed and costs incurred and to be incurred for the notice and settlement administration process. It is hereby ordered that the Settlement Administrator, Atticus Administration, LLC, shall issue payment to itself in the amount of $50,000.00, in accordance with the Settlement Agreement.

11. The Court finds that the allocation of $500,000.00 toward penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA Allocation") is fair, reasonable, and appropriate, and hereby approved. The Settlement Administrator shall distribute the PAGA Allocation as follows: the amount of $375,000 to the California Labor and Workforce Development Agency, and the amount of $125,000 to all current and former non-exempt employees employed by Defendant at the Costco depots in Tracy, California and Mira Loma, California at any time during the period from February 8, 2020 through December 31, 2022 ("Aggrieved Employees"), according to the terms set forth in the Settlement Agreement.

1   12.   The Court finds that a Service Award of $10,000 is fair and reasonable for the work performed by Plaintiff on behalf of the Class Members. It is hereby ordered that the Settlement Administrator issue payment in the amount of $10,000.00 to Plaintiff Ryan Edwards for his Service Award, according to the terms set forth in the Settlement Agreement.

13.   The Court finds that attorneys' fees in the amount of $2,000,000.00 to Lawyers *for* Justice, PC ("Class Counsel") falls within the range of reasonableness, and the results achieved justify the award sought.  The attorneys' fees to Class Counsel are fair, reasonable, and appropriate, and are hereby approved.  It is hereby ordered that the Settlement Administrator issue payment in the amount of $2,000,000.00 to Lawyers *for* Justice PC, in accordance with the Settlement Agreement.

14.   The Court finds that litigation costs and expenses in the amount of $22,525.46 to Class Counsel are reasonable, and hereby approved.  It is hereby ordered that the Settlement Administrator issue payment in the amount of $22,525.46 to Class Counsel for litigation costs and expenses, in accordance with the Settlement Agreement.

15.   The Court hereby enters Judgment by which Settlement Class Members shall be conclusively determined to have released any and all Released Class Claims against the Released Parties, and the State of California with respect to all Aggrieved Employees and all Aggrieved Employees shall be conclusively determined to have given a release of any and all Released PAGA Claims against the Released Parties, as set forth in the Settlement Agreement and Class Notice.

16.   It is hereby ordered that Defendant shall fund the Gross Settlement Amount pursuant to the Settlement Administrator's instructions no later than fifteen (15) calendar days after the Effective Date, in accordance with the Settlement Agreement.

///

17. It is hereby ordered that the Settlement Administrator shall distribute Individual Settlement Payments to Settlement Class Members and Individual PAGA Payments to Aggrieved Employees within seven (7) business days following the funding of the Gross Settlement Amount, according to the methodology and terms set forth in the Settlement Agreement.

18. It is hereby ordered that any and all Individual Settlement Payment checks issued to Settlement Class Members and Individual PAGA Payment checks issued to Aggrieved Employees that are not cashed, deposited, or otherwise negotiated within one hundred eighty (180) calendar days from the date of their mailing will be cancelled and the funds associated with such cancelled checks will be transmitted to the California State Controller's Unclaimed Property Division in the name of the Settlement Class Member and/or Aggrieved Employee and in the amount of their respective Individual Settlement Payment and/or Individual PAGA Payment, according to the methodology and terms set forth in the Settlement Agreement.

19. After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

20. Individualized notice of this Final Approval Order and Judgment is not required to be provided to Class Members. A copy of this Final Approval Order and Judgment shall be posted on the Settlement Administrator's website, which is

///

///

///

///

///

accessible to Class Members, for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order and Judgment.

IT IS SO ORDERED.

Dated: October 20, 2023

_____
MICHAEL W. FITZGERALD
United States District Judge